LUBOMYR E. KALYNYCZ, PLAINTIFF, v.
DONNA A. KALYNYCZ, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Argued March 8, 1968—Decided March 14, 1968.

*Mr. Harry Kay* for plaintiff.

*Mr. Joseph Zeller* for defendant.

CONSODINE, J. C. C. (temporarily assigned). Plaintiff moved seven months after entry to vacate the provisions of a statutory separate maintenance judgment entered on a counterclaim. Plaintiff argues that he made bona fide efforts during the last three months to effect a reconciliation.

██ When the maintenance judgment is based on a husband's constructive abandonment by reason of his extreme cruelty, there is no method whereby he may alter the *status quo* and escape payment of support under the judgment. 10 *N. J. Practice* 460 (1963) ; *Soos v. Soos,* 14 *N. J. Misc.* 381 (*Ch.* 1936).

██ However, when the maintenance judgment is based on simple abandonment, he is entitled to vacation of the judgment upon refusal of bona fide advances. These "must be made within the two year period following the entry of the judgment or else a cause of action for divorce may vest in favor of the wife." 10 *N. J. Practice* 459 (1963) citing *Oertel v. Oertel,* 92 *N. J. Eq.* 327 (*Ch. Div.* 1920). That case held that deserting husbands must act within two years of the time of desertion adjudged by the judgment for maintenance. Since the judgment in that case did not specify that there had been an unjustified desertion, the Court reasoned that the judgment itself implied a finding of an abandonment—so that the judgment was conclusive evidence of the desertion, *at least* as of the time the judgment was entered.

10 *N. J. Practice* 459, *supra,* is in error in drawing its conclusion from the *Oertel* case. That case did not hold that the two year period must be measured from the date of the judgment. It only made a factual holding that the date of judgment was more than two years prior to the date of motion and so was at the very least a time at which the desertion began. Its statement of law that the critical date was always the time at which desertion occurred as set out in the judgment, remained unchanged.

 In the instant case the judgment did not find the date of desertion. Where such a vacuum exists the date al-

leged in the complaint must be regarded as the date of desertion, and the husband's advances must occur within two years therefrom. *Holst v. Holst,* 101 *N. J. Eq.* 682 (*Ch.* 1927). Here that would be over forty months prior to the motion (the date set out in the counterclaim as the time of desertion). Since neither the filing of this motion nor the declared advances occurred within two years thereof, the motion is denied. The judgment may not be reopened.